**Thomas M. Triplett, OSB #651256**
Email ttriplett@schwabe.com
**Michael T. Garone, OSB #802341**
Email mgarone@schwabe.com
**Román D. Hernández, OSB #011730**
Email rhernandez@schwabe.com
**Amanda T. Gamblin, OSB #021361**
Email agamblin@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1900 Pacwest Center
1211 SW 5th Avenue
Portland, Oregon  97204
Telephone 503.222.9981
Facsimile 503.796.2900

      Attorneys for Defendant,
      ICTSI Oregon, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and PACIFIC MARITIME ASSOCIATION,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**ICTSI OREGON, INC.,** an Oregon corporation,<br><br>    Defendant. | No. 3:12-cv-01058-SI<br><br><br><br>ENFORCEMENT OF COLLECTIVE BARGAINING AGREEMENT (§301 LMRA) |
| **ICTSI OREGON, INC.,** an Oregon corporation,<br><br>    Counterclaim Plaintiff<br><br>vs.<br><br>**INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and PACIFIC MARITIME ASSOCIATION,**<br><br>    Counterclaim Defendants | ANSWER<br><br><br><br><br>JURY TRIAL REQUESTED |

Page 1 -    ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

For answer to Plaintiffs' Complaint for Confirmation and Enforcement of Final and Binding Rulings under Collective Bargaining Agreement, defendant admits, denies and alleges as follows:

1. Defendant denies the allegations of paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits the allegations of paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits the allegations of paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations of paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits the allegations of paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits the allegations of paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits the allegations of paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits the first two sentences of paragraph 8 but denies each and every other allegation contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations of paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits the allegations of paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations of paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the allegations of paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 17 of Plaintiffs' Complaint.

Page 2 -   ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

18. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant admits the allegations of paragraph 20 of Plaintiffs' Complaint.

21. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendant admits that is what the document states but denies each and every other allegation contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of paragraph 27 of Plaintiffs' Complaint.

28. Defendant admits the first sentence of paragraph 28 but denies each and every other allegation contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiffs' Complaint.

31. Defendant admits that paragraph 31 of Plaintiffs' Complaint correctly states the text of the minutes.  Except as admitted, Defendant denies each and every other allegation of

Page 3 -    ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations of paragraph 32 of Plaintiffs' Complaint.

33. Defendant admits the allegations of paragraph 33 of Plaintiffs' Complaint.

34. Defendant admits that paragraph 34 of Plaintiffs' Complaint incorporates the ruling of the Arbitrator. Defendant denies that the Arbitrator made any finding regarding work jurisdiction.

35. Defendant admits that paragraph 35 of Plaintiffs' Complaint incorporates the ruling of the Arbitrator. Defendant denies that the Arbitrator made any finding regarding work jurisdiction.

36. Defendant denies the allegations of paragraph 36 of Plaintiffs' Complaint.

37. Defendant admits that paragraph 37 of Plaintiffs' Complaint incorporates the ruling of the Arbitrator. Defendant denies that the Arbitrator made any finding regarding work jurisdiction.

38. Defendant denies the allegations of paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations of paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies the allegations of paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations of paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations of paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations of paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations of paragraph 44 of Plaintiffs' Complaint.

FOR ITS FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

45. Plaintiffs lack clean hands.

FOR ITS SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

46. The Decision and Award by the Pacific Coast Labor Relations Committee is invalid because:

    A. The participants had a conflict of interest and/or were biased;

Page 4 -    ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

B. The panel was improperly constituted;

C. The Defendant was not provided notice or opportunity to be heard;

D. The Decision is the product of a conspiracy, in violation of Section 2 of the Sherman Act to monopolize the provision of stevedoring services in west coast ports;

E. The Decision does not draw its essence from the agreement;

F. The Decision fails to recognize that the Defendant lacked control over assignment of the work;

G. The CLRC acted outside of the scope of its authority by directing Defendant to assign work that is performed by employees of a non-PMA member; and

H. The Decision is against public policy and/or directs Defendant to engage in an illegal act.

FOR ITS THIRD AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

47. The National Labor Relations Board has primary or exclusive jurisdiction over the dispute.

48. Any arbitration award is preempted by the outcome of a Section 10(k) or secondary boycott determination by the National Labor Relations Board.

FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

49. Proceedings herein should be stayed pending resolution of the underlying issues by the National Labor Relations Board.

FIRST COUNTER CLAIM

Petition to Vacate Decision and Award

50. Defendant incorporates its answers to paragraphs 2 – 6 of Plaintiffs' Complaint as if more fully set forth herein. This Court has jurisdiction pursuant to 29 USC §185 and/or pendent jurisdiction.

51. Defendant incorporates its Second Affirmative Defense as if more fully set forth herein.

Page 5 -   ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

52. The Decision of the Pacific Coast Labor Relations Committee is null and void and should be vacated.

## SECOND COUNTER CLAIM

### 29 USC §187 Claims

53. This Court has jurisdiction pursuant to 29 USC §187.

54. Venue is properly sited in the United States District Court of Oregon, Portland Division.

55. Plaintiff ILWU has contravened 29 USC §§158(b)(B) and (D) by engaging in secondary work stoppages and threats of work stoppages.

56. Arbitrator Kagel has found that the union did engage in slow down and/or stoppage

57. As a proximate result of their conduct, Defendant has been damaged in an amount to be determined at trial.

## THIRD COUNTER CLAIM

### Antitrust

58. Jurisdiction is vested in this Court under 15 USC §15.

59. Venue is properly sited in the United States District Court of Oregon, Portland Division.

60. Defendant incorporates its answers to paragraphs 2 - 6 of Plaintiffs' Complaint and paragraphs 55 – 57 of Defendant's Second Counter Claim as if more fully set forth herein.

61. The relevant market is the loading and unloading of freight to and from dockside port of rest, for marine oceangoing container cargo on West Coast ports.

62. The cargo flowing to and from West Coast ports affects interstate and foreign commerce in a not insubstantial manner.

63. The PMA and ILWU jointly possess the means to exclude competition within the relevant market.

Page 6 -    ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

64. In 2008 the PMA and ILWU agreed to extend their monopoly to include plugging and unplugging of reefers (contained refrigeration units), work historically performed by other unions in Portland but not all ports on the West Coast. This expansion was in the financial interest of the PMA as it collects fees from members for each hour worked by Longshoremen.

65. In furtherance of their objectives:

   A. PMA has threatened Defendant with fines of $50,000 per day unless the plugging and unplugging work is assigned to ILWU members;

   B. PMA has threatened ICTSI for filing a Section 10(k) hearing before the Board and for eliciting truthful testimony at said hearing;

   C. PMA agreed to a hearing before the Coast Labor Relations Committee without notifying ICTSI; by allowing the Committee to act without being properly constituted; by threatening its member if it failed to comply; and jointly seeking, with the Union, enforcement of the flawed Committee decision in the Federal Court; and

   D. The ILWU and PMA agreed to discriminate against the Port of Portland by exempting application of the 2008 Agreement to other ports, but applying it to the Port of Portland, thereby discriminating against non-exempt ports and their customers.

66. The effect of the conduct of the PMA and ILWU has been to:

   A. Harm competition among ports;

   B. Reduce competition of electrical contractors with PMA members;

   C. Injure IBEW members and contractors in its competition with other terminal operators; and

   D. To release the number of ships loading and off loading in Portland.

67. ICTSI has been harmed by reason of these anticompetitive acts in an amount yet to be determined.

WHEREFORE, Defendant / Counterclaimant prays:

1. That Plaintiffs' Complaint be dismissed in its entirety and Defendant be awarded

Page 7 -   ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1

costs, disbursements and reasonable attorney fees under the Supreme Court's decision in *Bill Johnson's Restaurants, Inc. v. NLRB*;

  2. That the Coast Labor Committee decision be vacated;

  3. That Defendant be awarded such damages as are proven at trial for violation by the Union for violation of §§ 8(b)(4)(B) and (D), together with costs and disbursements; and

  4. That Defendant be awarded such damages as are proven at trial for violation by the Union and PMA for violation of 15 USC §2, together with costs and disbursements, and reasonable attorney fees.

  Dated this 21st day of June 2012.

          Respectfully submitted,

          SCHWABE, WILLIAMSON & WYATT, P.C.

          /s/ Thomas M. Triplett
      By: _____
          Thomas M. Triplett, OSB #651256
          Michael T. Garone, OSB #802341
          Telephone 503.222.9981
          Attorneys for Defendant, ICTSI Oregon, Inc.

          Trial Attorney: Michael T. Garone

Page 8 -   ANSWER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/119639/181646/TMT/9647056.1