IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION** and **PACIFIC MARITIME ASSOCIATION**,<br><br>          Plaintiffs,<br><br>     v.<br><br>**ICTSI OREGON, INC**,<br><br>          Defendant,<br><br>     and<br><br>**PORT OF PORTLAND** and **IBEW LOCAL 48**,<br><br>          Intervenor-Defendants. | Case No.: 3:12-cv-01058-SI<br><br>**OPINION AND ORDER** |
| **ICTSI OREGON, INC**,<br><br>          Counterclaim-Plaintiff,<br><br>     v.<br><br>**INTERNATIONAL LONGSHORE AND WAREHOUSE UNION**; **PACIFIC MARITIME ASSOCIATION**; **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION Local 8**; and **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION Local 40** ,<br><br>          Counterclaim-Defendants. | |

Page 1 – OPINION AND ORDER

| | |
|---|---|
| **PORT OF PORTLAND**,<br><br>        Counterclaim-Plaintiff and<br>        Crossclaim-Plaintiff,<br><br>    v.<br><br>**PACIFIC MARITIME ASSOCIATION**;<br>**INTERNATIONAL LONGSHORE**<br>**AND WAREHOUSE UNION**; and<br>**INTERNATIONAL LONGSHORE AND**<br>**WAREHOUSE UNION LOCAL 8**,<br><br>        Counterclaim-Defendants,<br><br>    and<br><br>**ICTSI OREGON, INC**,<br><br>        Crossclaim-Defendant. | |

Jeffrey P. Chicoine, Miller Nash LLP, 3400 U.S. Bancorp Tower, 111 S.W. Fifth Avenue, Portland, Oregon 97204; Clifford D. Sethness, Morgan, Lewis & Bockius LLP, 300 South Grand Avenue, 2nd Floor, Los Angeles, California 90071. Attorneys for Pacific Maritime Association.

Robert Remar, Eleanor Morton, and Emily Maglio, Leonard Carder, LLP, 1188 Franklin Street, #201, San Francisco, California 94109; Robert Lavitt, Schwerin, Campbell, Barnard, Iglitzin and Lavitt, LLP, 18 West Mercer Street, Suite 400, Seattle, Washington 98119. Attorneys for International Longshore and Warehouse Union and International Longshore and Warehouse Union Local 8.

Michael T. Garone, Thomas M. Triplett, Román D. Hernández, and Amanda T. Gamblin, Schwabe, Williamson & Wyatt, PC, 1900 Pacwest Center, 1211 S.W. 5th Avenue, Portland, Oregon 97204. Attorneys for ICTSI Oregon, Inc.

Randolph C. Foster, Jeremy D. Sacks, and Nathan C. Brunette, Stoel Rives LLP, 900 S.W. Fifth Avenue, Suite 2600, Portland, Oregon 97204; Kathy A. Peck, Williams Zografos & Peck PC, 334 3rd Street, Lake Oswego, Oregon 97034. Attorneys for the Port of Portland.

Page 2 – OPINION AND ORDER

**SIMON, District Judge.**

## BACKGROUND

This matter is one of five separate actions arising from a labor dispute at Terminal 6 at the Port of Portland.[1] Briefly stated, the dispute concerns who is entitled to perform the work of plugging in, unplugging, and monitoring refrigerated shipping containers (the "reefer work") at Terminal 6. Plaintiffs International Longshore and Warehouse Union ("ILWU") and the Pacific Maritime Association ("PMA") contend that their collective bargaining agreement—the Pacific Coast Longshore Contract Document ("PCLCD")—requires Defendant ICTSI Oregon, Inc. ("ICTSI"), the operator of Terminal 6 and a PMA member, to assign the reefer work to ILWU members. ICTSI, and Intervenor-Defendants the Port of Portland (the "Port") and the International Brotherhood of Electrical Workers ("IBEW") Local 48, contend that other contracts—including the Terminal 6 Lease Agreement between the Port and ICTSI and the District Council of Trade Unions Agreement between the Port and IBEW—require that the reefer work be assigned to IBEW members.

In early 2012, ILWU began filing grievances under the PCLCD's grievance and arbitration procedures alleging that ICTSI is "refusing and failing to assign to ILWU longshore mechanics the" reefer work in violation of the PCLCD. Compl. ¶ 29 (Dkt. 1). In June 2012, ILWU and PMA arbitrated ILWU's grievances. An arbitrator issued two decisions (the "PCLCD awards") directing ICTSI to assign the reefer work to ILWU members. Plaintiffs brought this action under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking judicial confirmation of the PCLCD awards.

---

[1] The other four cases are *Pac. Mar. Ass'n v. Int'l Longshore & Warehouse Union Local 8*, Case No. 3:12-cv-01100-SI; *Int'l Longshore & Warehouse Union v. Port of Portland*, Case No. 3:12-cv-01494-SI; *Hooks v. Int'l Longshore & Warehouse Union*, Case No. 3:12-cv-1088-SI; and *Hooks v. Int'l Longshore &Warehouse Union*, Case No. 3:12-cv-01691-SI.

In June 2012, shortly before Plaintiffs filed this action, ICTSI and the Port and filed charges with the National Labor Relations Board ("NLRB") alleging that ILWU has engaged in unfair labor practices. Those charges are pending before the NLRB. On August 13, 2012, the NLRB issued a § 10(k) decision that awarded the reefer work to employees of the Port represented by IBEW. *Int'l Bhd. of Elec. Workers*, 358 NLRB No. 102, 2012 WL 3306478 (Aug. 13, 2012). After the NLRB issued the § 10(k) decision, ICTSI filed additional unfair labor practice charges against ILWU. Those charges are also pending before the NLRB.[2] Plaintiffs may appeal the § 10(k) decision. At oral argument, counsel for ILWU represented that Plaintiffs have also filed suit in a district court in the District of Columbia to collaterally attack the § 10(k) decision. Transcript at 61-62 (Dkt. 108).

ICTSI, IBEW, and the Port have filed answers to Plaintiffs' complaint. Dkts. 32, 60, 62, 109. ICTSI and the Port's answers each raise several counterclaims. Presently before the Court are several motions. First, ILWU moves to dismiss all of ICTSI's counterclaims. Dkt. 65. PMA joins in ILWU's motion with respect to ICTSI's third counterclaim. Dkt. 68. Second, ILWU moves to dismiss the Port's first, second, and fourth counterclaims. Dkt. 75. Finally, PMA moves to dismiss the Port's first, second, and fourth counterclaims. Dkt. 93. For the reasons discussed below, the Court stays Plaintiff's § 301 claim pending final resolution of the NLRB's § 10(k) decision. In addition, as discussed below, the Court requests additional briefing from Plaintiffs,

---

[2] ICTSI and the Port's charges with the NLRB are described in the briefing and documents submitted in two related cases pending in this court: *Hooks v. Int'l Longshore & Warehouse Union*, Case No. 3:12-cv-1088-SI (D. Or.) and *Hooks v. Int'l Longshore & Warehouse Union*, Case No. 3:12-cv-01691-SI (D. Or.). In those cases, the NLRB sought preliminary injunctions, pursuant to § 10(l) of the National Labor Relations Act, 29 U.S.C. § 160(l), enjoining ILWU from engaging in certain allegedly unfair labor practices during the pendency of board proceedings on ICTSI and the Port's unfair labor practice charges. The court entered preliminary injunctions in both cases. *Hooks v. Int'l Longshore & Warehouse Union*, Dkt. 50, Case No. 3:12-cv-1088-SI (D. Or. Jul. 19, 2012); *Hooks v. Int'l Longshore & Warehouse Union, Local 8*, 3:12-cv-01691-SI, 2012 WL 5877536 (D. Or. Nov. 21, 2012).

Page 4 – OPINION AND ORDER

ICTSI, and the Port within 28 days addressing why the Court should not also stay all of ICTSI and the Port's counterclaims pending final decisions in the pending NLRB proceedings.

## DISCUSSION

A.   **Stay of Plaintiffs' § 301 claim**

On August 13, 2012, the NLRB issued a § 10(k) decision that awarded the reefer work to the members of IBEW. *Int'l Bhd. of Elec. Workers*, 358 NLRB No. 102, 2012 WL 3306478 (Aug. 13, 2012). In its decision, the NLRB noted that both "IBEW and ILWU are party to collective-bargaining agreements that cover the disputed work." *Id.* at *5. Under the PCLCD, ICTSI is bound to assign the reefer work to ILWU members. *Id.* Under the DCTU Agreement, however, the Port is bound to assign the reefer work to IBEW members. *Id.* After considering a variety of factors, including the provisions of the applicable collective bargaining agreements, employer preference, past practice, area and industry practice, relative skills and training, and economy and efficiency of operations, the NLRB concluded "that employees represented by IBEW are entitled to perform the work in dispute." *Id.* at *7.

Section 10(k) awards "take precedence" over inconsistent arbitration awards. *Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 272 (1964); *Int'l Longshoremen's & Warehousemen's Union, Local 32 v. Pac. Mar. Ass'n*, 773 F.2d 1012, 1021 (9th Cir. 1985) ("a section 10(k) decision must be given precedence over an arbitrator's contrary decision"). Accordingly, if the NLRB's § 10(k) award is upheld, this Court cannot confirm the PCLCD awards. *Associated Gen. Contractors of Am., Inc., Oregon-Columbia Chapter v. Int'l Union of Operating Eng'rs, Local 701*, 529 F.2d 1395, 1397 (9th Cir. 1976) ("To effectuate the purposes of [§] 10(k), it is essential that once an NLRB order becomes final, no court—state or federal—be permitted to impair compliance with it."). The Court, therefore, must stay Plaintiffs' § 301 claim during the

pendency of Plaintiffs' challenges to the § 10(k) award. *See Sheet Metal Workers Int'l Ass'n v. Murphy Const. Co.*, 191 F.3d 909, 911 (8th Cir. 1999) ("Given that the district court will be unable to enforce the arbitration award to Local 36 in the face of a contrary NLRB [§ 10(k)] decision, we conclude in this instance that appropriate deference to the jurisdiction and expertise of the NLRB required a stay of judicial proceedings." (internal quotation marks, citation, and alterations omitted)).

### B.     ICTSI and the Port's Counterclaims

ICTSI filed an amended answer on December 17, 2012. Dkt. 109. The amended answer raises four counterclaims: First, ICTSI seeks a court order, under § 301, vacating the arbitration awards. Second, ICTSI brings a claim against ILWU pursuant to § 303 of the LMRA, 29 U.S.C. § 187, for damages resulting from ILWU's allegedly unfair labor practices. Third, ICTSI claims that Plaintiffs have violated the provisions of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. Fourth, ICTSI alleges that PMA breached its fiduciary duty to ICTSI.

The Port also raises four counterclaims: First, the Port requests a court order, under § 301, vacating the arbitration awards. Second, the Port requests a declaration and an injunction establishing that the Port controls the assignment of the reefer work and prohibiting ICTSI from assigning the reefer work to ILWU members.[3] Third, the Port brings a claim against ILWU and ILWU Local 8 pursuant to § 303 of the LMRA for damages resulting from ILWU and ILWU Local 8's allegedly unfair labor practices. Fourth, the Port claims that PMA, ILWU, and ILWU Local 8 tortuously interfered with the Port's contracts with ICTSI and IBEW.

Each of ICTSI and the Port's counterclaims raise factual and legal issues that overlap with factual and legal issues under consideration in the pending NLRB proceedings. The

---

[3] This claim is also a cross-claim against ICTSI.

NLRB's findings may foreclose the parties from relitigating those issues before this court. *Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge No. 93 v. Stevens Pontiac-GMC-Honda, Inc.*, 945 F.2d 409 (9th Cir. 1991) (unpublished) ("The law is clear that a party is foreclosed from relitigating in federal court those issues that were material to a proceeding before the NLRB and resulted in a final order of the NLRB."). As such, continuing to litigate overlapping issues in this court at the same time proceedings are pending before the NLRB may unnecessarily increase the costs to all the parties, waste judicial resources, and create the possibility of conflicting or inconsistent results from different tribunals. In addition, "[a]ppropriate deference to the jurisdiction and expertise of the agency often will require a stay of judicial proceedings." *N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers, AFL-CIO v. Opinski*, 673 F.2d 1074, 1075 (9th Cir. 1982).

ICTSI and the Port's counterclaims appear to raise the following issues that are likely to be addressed in the pending NLRB proceedings:

1. Section 301 counterclaims (ICTCI's first counterclaim and the Port's first counterclaim). If the NLRB's § 10(k) decision is upheld, it will take precedence over the PCLCD awards and ICTSI and the Port's § 301 counterclaims will likely become moot.

2. Section 303 counterclaims for damages resulting from unfair labor practices (ICTSI's second counterclaim and the Port's third counterclaim). Although § 303 grants district courts jurisdiction to hear claims for damages resulting from unfair labor practices, the NLRB retains "primary" jurisdiction to resolve unfair labor practices charges. *Opinski*, 673 F.2d 1074, 1075 (9th Cir. 1982). Accordingly, courts have determined that they should stay consideration of § 303 claims pending resolution of parallel NLRB unfair labor practice proceedings. *Consol. Exp., Inc. v. New York Shipping Ass'n, Inc.*, 641 F.2d

90 (3d Cir. 1981); *Pa. Truck Lines, Inc. v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, Civ.A. 88-6968, 1990 WL 59305 (E.D. Pa. May 4, 1990).t

3. Antitrust counterclaim (ICTSI's third counterclaim). Where an antitrust claim turns on resolution of labor law questions, the Third Circuit has held that staying the antitrust claim pending resolution of NLRB proceedings is appropriate. Consol. Exp., Inc., 641 F.2d at 95.

4. Declaratory and injunctive relief counterclaim (the Port's second counterclaim). The Port's second counterclaim asks the court to resolve which of several contracts controls the assignment of the reefer work. The same issue has already been addressed in the NLRB's § 10(k) decision. *Int'l Bhd. of Elec. Workers*, 2012 WL 3306478, at *5-6 ("the Port is the employer in control of the work in dispute"). If the § 10(k) decision is upheld, the NLRB's conclusion with respect to the control of the reefer work will collaterally estop relitigation of the same issue in this Court. *Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge No. 93*, 945 F.2d at 409.

5. Tortious interference with contract claim (the Port's fourth counterclaim) and breach of fiduciary duty claim (ICTSI's fourth counterclaim). To the extent that the these counterclaims turns on establishing which party controls the assignment of the reefer work, they may be dependent on resolution of issues that were addressed in the § 10(k) decision and will be addressed in the pending NLRB unfair labor practice proceedings.

The Court Orders, therefore, that Plaintiffs, ICTSI, and the Port submit additional briefing within 28 days addressing why the Court should not stay ICTSI and the Port's counterclaims pending resolution of the NLRB proceedings. In their additional briefing, the

parties should address the factors used to assess the propriety of stays set forth in *Consol. Exp., Inc. v. New York Shipping Ass'n, Inc.*, 641 F.2d 90 (3d Cir. 1981) and *Cent. Valley Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741 (9th Cir. 1985), *abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000).

## CONCLUSION

Plaintiffs' § 301 claim for relief, Dkt. 1, is **STAYED** pending the appeal and collateral challenge to the NLRB's § 10(k) decision in *Int'l Bhd. of Elec. Workers*, 358 NLRB No. 102, 2012 WL 3306478 (Aug. 13, 2012). Within 28 days from the date of this order, Plaintiffs, ICTSI, and the Port shall submit additional briefing, of no more than 15 pages, addressing why the Court should or should not stay any or all of ICTSI and the Port's counterclaims pending final decisions in the NLRB proceedings described above.

IT IS SO ORDERED.

Dated this 21st day of December, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge